1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MELISSA TETREAULT,

            Plaintiff,

    v.

THE STANDARD INSURANCE
COMPANY, an Oregon corporation,

            Defendant.

Case No.  CV-17-00540-RSL

STIPULATED PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: [The parties must include a list of specific documents such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive business material"].

Claims manuals or similar documents by any other name, as they are proprietary business trade secrets; Training materials, as they are proprietary business trade secrets; Employee compensation plan information, as it is is proprietary business trade secrets and its production potentially invades the privacy of third parties; Employee personnel file documents to the extent they are held to be relevant and discoverable by this Court, as the production of any such documents would invade the privacy of third parties to this action.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

1    4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered

2  by the court or permitted in writing by the designating party, a receiving party may disclose any

3  confidential material only to:

4          (a)    the receiving party's counsel of record in this action, as well as employees

5  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

6          (b)    the officers, directors, and employees (including in house counsel) of the

7  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

8  agree that a particular document or material produced is for Attorney's Eyes Only and is so

9  designated;

10          (c)    experts and consultants to whom disclosure is reasonably necessary for this

11  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12          (d)    the court, court personnel, and court reporters and their staff;

13          (e)    copy or imaging services retained by counsel to assist in the duplication of

14  confidential material, provided that counsel for the party retaining the copy or imaging service

15  instructs the service not to disclose any confidential material to third parties and to immediately

16  return all originals and copies of any confidential material;

17          (f)    during their depositions, witnesses in the action to whom disclosure is

18  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

19  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

20  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

21  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

22  under this agreement;

23          (g)    the author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information;

25          (h)    any mediator retained by the parties in this matter.

26

1    4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or
2  referencing such material in court filings, the filing party shall confer with the designating party
3  to determine whether the designating party will remove the confidential designation, whether the
4  document can be redacted, or whether a motion to seal or stipulation and proposed order is
5  warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards
6  that will be applied when a party seeks permission from the court to file material under seal.

7  5.    <u>DESIGNATING PROTECTED MATERIAL</u>

8    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party
9  or non-party that designates information or items for protection under this agreement must take
10  care to limit any such designation to specific material that qualifies under the appropriate
11  standards. The designating party must designate for protection only those parts of material,
12  documents, items, or oral or written communications that qualify, so that other portions of the
13  material, documents, items, or communications for which protection is not warranted are not swept
14  unjustifiably within the ambit of this agreement.

15    Mass, indiscriminate, or routinized designations are prohibited. Designations that are
16  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
17  unnecessarily encumber or delay the case development process or to impose unnecessary expenses
18  and burdens on other parties) expose the designating party to sanctions.

19    If it comes to a designating party's attention that information or items that it designated for
20  protection do not qualify for protection, the designating party must promptly notify all other parties
21  that it is withdrawing the mistaken designation.

22    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
23  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
24  ordered, disclosure or discovery material that qualifies for protection under this agreement must
25  be clearly so designated before or when the material is disclosed or produced.

26

1          (a)      Information in documentary form: (*e.g.*, paper or electronic documents and
2    deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
3    the designating party must affix the word "CONFIDENTIAL" to each page that contains
4    confidential material. If only a portion or portions of the material on a page qualifies for protection,
5    the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate
6    markings in the margins).

7          (b)      Testimony given in deposition or in other pretrial proceedings: the parties
8    and any participating non-parties must identify on the record, during the deposition or other pretrial
9    proceeding, all protected testimony, without prejudice to their right to so designate other testimony
10   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the
11   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or
12   exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information
13   at trial, the issue should be addressed during the pre-trial conference.

14         (c)      Other tangible items: the producing party must affix in a prominent place
15   on the exterior of the container or containers in which the information or item is stored the word
16   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
17   the producing party, to the extent practicable, shall identify the protected portion(s).

18       5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
19   designate qualified information or items does not, standing alone, waive the designating party's
20   right to secure protection under this agreement for such material. Upon timely correction of a
21   designation, the receiving party must make reasonable efforts to ensure that the material is treated
22   in accordance with the provisions of this agreement.

23   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

24       6.1     Timing of Challenges. Any party or non-party may challenge a designation of
25   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
26   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

1    burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

2    challenge a confidentiality designation by electing not to mount a challenge promptly after the

3    original designation is disclosed.

4          6.2     Meet and Confer. The parties must make every attempt to resolve any dispute

5    regarding confidential designations without court involvement. Any motion regarding confidential

6    designations or for a protective order must include a certification, in the motion or in a declaration

7    or affidavit, that the movant has engaged in a good faith meet and confer conference with other

8    affected parties in an effort to resolve the dispute without court action. The certification must list

9    the date, manner, and participants to the conference. A good faith effort to confer requires a face-

10   to-face meeting or a telephone conference.

11         6.3     Judicial Intervention. If the parties cannot resolve a challenge without court

12   intervention, the designating party may file and serve a motion to retain confidentiality under Local

13   Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

14   persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

15   made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

16   other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

17   the material in question as confidential until the court rules on the challenge.

18   7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

19   LITIGATION

20        If a party is served with a subpoena or a court order issued in other litigation that compels

21   disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

22   must:

23         (a)     promptly notify the designating party in writing and include a copy of the

24   subpoena or court order;

25

26

1        (b)    promptly notify in writing the party who caused the subpoena or order to

2 issue in the other litigation that some or all of the material covered by the subpoena or order is

3 subject to this agreement. Such notification shall include a copy of this agreement; and

4        (c)    cooperate with respect to all reasonable procedures sought to be pursued by

5 the designating party whose confidential material may be affected.

6 8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7        If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

8 material to any person or in any circumstance not authorized under this agreement, the receiving

9 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

10 (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

11 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

12 and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

13 Bound" that is attached hereto as Exhibit A.

14 9.    NON TERMINATION AND RETURN OF DOCUMENTS

15        Within 60 days after the termination of this action, including all appeals, each receiving

16 party must return all confidential material to the producing party, including all copies, extracts and

17 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

18        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

19 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

20 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

21 product, even if such materials contain confidential material.

22        The confidentiality obligations imposed by this agreement shall remain in effect until a

23 designating party agrees otherwise in writing or a court orders otherwise.

24

25

26

1          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   DATED: August 25, 2017                 */s/ David P. Roosa*

3                                    David P. Roosa, WSBA #45266
                                     FRIEDMAN RUBIN

4                                    51 University Street, Suite 201
                                     Seattle, WA 98101

5                                    Phone:  (206) 501-4446
                                     Fax:  (206) 623-0794

6                                    Email:  droosa@friedmanrubin.com
                                     Attorneys for Plaintiff

7

8   DATED: August 25, 2017                 */s/ Stacy M. Tucker*

9                                      Stacy M. Tucker, WSBA #43449
                                     ROPERS MAJESKI KOHN & BENTLEY

10                                   800 Fifth Avenue, Suite 4100
                                     Seattle, WA 98104

11                                   Phone:  (650) 864-3200
                                     Fax:  (650) 780-1701

12                                   Email:  stacy.tucker@rmkb.com
                                     Attorneys for Defendant

13

14         PURSUANT TO STIPULATION, IT IS SO ORDERED

15

16  DATED: __Aug. 29, 2017__

17

18                                      _____
                                        Hon. Robert S. Lasnik,

19                                        United States District Court Judge

20

21

22

23

24

25

26

1

### EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of

5 perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6 issued by the United States District Court for the Western District of Washington on [date] in the

7 case of _____ **[insert formal name of the case and the number and initials**

8 **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

9 Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10 expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11 not disclose in any manner any information or item that is subject to this Stipulated Protective

12 Order to any person or entity except in strict compliance with the provisions of this Order.

13    I further agree to submit to the jurisdiction of the United States District Court for the

14 Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15 Order, even if such enforcement proceedings occur after termination of this action.

16 Date: _____

17 City and State where sworn and signed: _____

18 Printed name: _____

19 Signature: _____

20

21

22

23

24

25

26