UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MELISSA TETREAULT,

Plaintiff,

v.

THE STANDARD INSURANCE
COMPANY, an Oregon corporation,

Defendant.

Case No.  CV-17-00540-RSL

FIRST AMENDED STIPULATED
PROTECTIVE ORDER

The Parties agree to amend the previous stipulated protective order to include an additional category of document. Amendments are in bold and contained in section 2, below.

1.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

1  treatment under the applicable legal principles, and it does not presumptively entitle parties to file
2  confidential information under seal.

3  2.    "CONFIDENTIAL" MATERIAL

4      "Confidential" material shall include the following documents and tangible things
5  produced or otherwise exchanged: [The parties must include a list of specific documents such as
6  "company's customer list" or "plaintiff's medical records;" do not list broad categories of
7  documents such as "sensitive business material"].

8              Claims manuals or similar documents by any other name, as they are proprietary
9              business trade secrets; Training materials, as they are proprietary business trade
10             secrets; Employee compensation plan information, as it is is proprietary business
11             trade secrets and its production potentially invades the privacy of third parties;
12             Employee personnel file documents to the extent they are held to be relevant and
13             discoverable by this Court, as the production of any such documents would invade
14             the privacy of third parties to this action.

15             **Plaintiff's private Facebook Messenger conversations, as they contain**
16             **sensitive personal information about non-parties to this litigation, including**
17             **minors, as well as HIPAA protected patient information, and sensitive**
18             **personal information of 3rd parties.**

19  3.    SCOPE

20      The protections conferred by this agreement cover not only confidential material (as
21  defined above), but also (1) any information copied or extracted from confidential material; (2) all
22  copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,
23  conversations, or presentations by parties or their counsel that might reveal confidential material.

24      However, the protections conferred by this agreement do not cover information that is in
25  the public domain or becomes part of the public domain through trial or otherwise.

26

1   4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

2        4.1   Basic Principles. A receiving party may use confidential material that is disclosed

3   or produced by another party or by a non-party in connection with this case only for prosecuting,

4   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

5   categories of persons and under the conditions described in this agreement. Confidential material

6   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

7   that access is limited to the persons authorized under this agreement.

8        4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

9   by the court or permitted in writing by the designating party, a receiving party may disclose any

10  confidential material only to:

11          (a)   the receiving party's counsel of record in this action, as well as employees

12  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

13          (b)   the officers, directors, and employees (including in house counsel) of the

14  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

15  agree that a particular document or material produced is for Attorney's Eyes Only and is so

16  designated;

17          (c)   experts and consultants to whom disclosure is reasonably necessary for this

18  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19          (d)   the court, court personnel, and court reporters and their staff;

20          (e)   copy or imaging services retained by counsel to assist in the duplication of

21  confidential material, provided that counsel for the party retaining the copy or imaging service

22  instructs the service not to disclose any confidential material to third parties and to immediately

23  return all originals and copies of any confidential material;

24          (f)   during their depositions, witnesses in the action to whom disclosure is

25  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

26  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

1  transcribed deposition testimony or exhibits to depositions that reveal confidential material must
2  be separately bound by the court reporter and may not be disclosed to anyone except as permitted
3  under this agreement;

4            (g)    the author or recipient of a document containing the information or a
5  custodian or other person who otherwise possessed or knew the information;

6            (h)    any mediator retained by the parties in this matter.

7       4.3    Filing Confidential Material. Before filing confidential material or discussing or
8  referencing such material in court filings, the filing party shall confer with the designating party
9  to determine whether the designating party will remove the confidential designation, whether the
10 document can be redacted, or whether a motion to seal or stipulation and proposed order is
11 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards
12 that will be applied when a party seeks permission from the court to file material under seal.

13 5.    DESIGNATING PROTECTED MATERIAL

14      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party
15 or non-party that designates information or items for protection under this agreement must take
16 care to limit any such designation to specific material that qualifies under the appropriate
17 standards. The designating party must designate for protection only those parts of material,
18 documents, items, or oral or written communications that qualify, so that other portions of the
19 material, documents, items, or communications for which protection is not warranted are not swept
20 unjustifiably within the ambit of this agreement.

21      Mass, indiscriminate, or routinized designations are prohibited. Designations that are
22 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
23 unnecessarily encumber or delay the case development process or to impose unnecessary expenses
24 and burdens on other parties) expose the designating party to sanctions.

25
26

1      If it comes to a designating party's attention that information or items that it designated for

2  protection do not qualify for protection, the designating party must promptly notify all other parties

3  that it is withdrawing the mistaken designation.

4      5.2    Manner and Timing of Designations. Except as otherwise provided in this

5  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

6  ordered, disclosure or discovery material that qualifies for protection under this agreement must

7  be clearly so designated before or when the material is disclosed or produced.

8      (a)    Information in documentary form: (*e.g.*, paper or electronic documents and

9  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

10  the designating party must affix the word "CONFIDENTIAL" to each page that contains

11  confidential material. If only a portion or portions of the material on a page qualifies for protection,

12  the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

13  markings in the margins).

14      (b)    Testimony given in deposition or in other pretrial proceedings: the parties

15  and any participating non-parties must identify on the record, during the deposition or other pretrial

16  proceeding, all protected testimony, without prejudice to their right to so designate other testimony

17  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

18  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

19  exhibits thereto, as confidential. If a party or non-party desires to protect confidential information

20  at trial, the issue should be addressed during the pre-trial conference.

21      (c)    Other tangible items: the producing party must affix in a prominent place

22  on the exterior of the container or containers in which the information or item is stored the word

23  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

24  the producing party, to the extent practicable, shall identify the protected portion(s).

25

26

1    5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

2  designate qualified information or items does not, standing alone, waive the designating party's

3  right to secure protection under this agreement for such material. Upon timely correction of a

4  designation, the receiving party must make reasonable efforts to ensure that the material is treated

5  in accordance with the provisions of this agreement.

6  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7    6.1   Timing of Challenges. Any party or non-party may challenge a designation of

8  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

9  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

10  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

11  challenge a confidentiality designation by electing not to mount a challenge promptly after the

12  original designation is disclosed.

13    6.2   Meet and Confer. The parties must make every attempt to resolve any dispute

14  regarding confidential designations without court involvement. Any motion regarding confidential

15  designations or for a protective order must include a certification, in the motion or in a declaration

16  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

17  affected parties in an effort to resolve the dispute without court action. The certification must list

18  the date, manner, and participants to the conference. A good faith effort to confer requires a face-

19  to-face meeting or a telephone conference.

20    6.3   Judicial Intervention. If the parties cannot resolve a challenge without court

21  intervention, the designating party may file and serve a motion to retain confidentiality under Local

22  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

23  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

24  made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

25  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

26  the material in question as confidential until the court rules on the challenge.

1    7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

2    LITIGATION

3            If a party is served with a subpoena or a court order issued in other litigation that compels

4    disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

5    must:

6                    (a)      promptly notify the designating party in writing and include a copy of the

7    subpoena or court order;

8                    (b)      promptly notify in writing the party who caused the subpoena or order to

9    issue in the other litigation that some or all of the material covered by the subpoena or order is

10   subject to this agreement. Such notification shall include a copy of this agreement; and

11                   (c)      cooperate with respect to all reasonable procedures sought to be pursued by

12   the designating party whose confidential material may be affected.

13   8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14           If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

15   material to any person or in any circumstance not authorized under this agreement, the receiving

16   party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

17   (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

18   person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

19   and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

20   Bound" that is attached hereto as Exhibit A.

21   9.      NON TERMINATION AND RETURN OF DOCUMENTS

22           Within 60 days after the termination of this action, including all appeals, each receiving

23   party must return all confidential material to the producing party, including all copies, extracts and

24   summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

25

26

1    Notwithstanding this provision, counsel are entitled to retain one archival copy of all

2  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

4  product, even if such materials contain confidential material.

5    The confidentiality obligations imposed by this agreement shall remain in effect until a

6  designating party agrees otherwise in writing or a court orders otherwise.

7

8                IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9  DATED: November 27, 2017                    /s/ David P. Roosa
                                               David P. Roosa, WSBA #45266
10                                             FRIEDMAN RUBIN
                                               51 University Street, Suite 201
11                                             Seattle, WA 98101
                                               Phone: (206) 501-4446
12                                             Fax: (206) 623-0794
                                               Email: droosa@friedmanrubin.com
13                                             Attorneys for Plaintiff
14

15  DATED: November 27, 2017                   /s/ Stacy M. Tucker
                                               Stacy M. Tucker, WSBA #43449
16                                             ROPERS MAJESKI KOHN & BENTLEY
                                               800 Fifth Avenue, Suite 4100
17                                             Seattle, WA 98104
                                               Phone: (650) 864-3200
18                                             Fax: (650) 780-1701
                                               Email: stacy.tucker@rmkb.com
19                                             Attorneys for Defendant
20

21        PURSUANT TO STIPULATION, IT IS SO ORDERED
22

23  DATED: Dec. 1, 2017
24

25                                             _Hon. Robert S. Lasnik,_
                                               United States District Court Judge
26

1

2                                        EXHIBIT A

3                   ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4       I, _____ [print or type full name], of

5   _____ [print or type full address], declare under penalty of

6   perjury that I have read in its entirety and understand the Stipulated Protective Order that was

7   issued by the United States District Court for the Western District of Washington on [date] in the

8   case of _____ **[insert formal name of the case and the number and initials**

9   **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

10  Stipulated Protective Order and I understand and acknowledge that failure to so comply could

11  expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

12  not disclose in any manner any information or item that is subject to this Stipulated Protective

13  Order to any person or entity except in strict compliance with the provisions of this Order.

14      I further agree to submit to the jurisdiction of the United States District Court for the

15  Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

16  Order, even if such enforcement proceedings occur after termination of this action.

17  Date: _____

18  City and State where sworn and signed: _____

19  Printed name: _____

20  Signature: _____

21

22

23

24

25

26