1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

MELISSA TETREAULT,

          Plaintiff,

   v.

THE STANDARD INSURANCE
COMPANY, an Oregon corporation,

          Defendant.

Case No.  CV-17-00540-RSL

THIRD AMENDED STIPULATED
PROTECTIVE ORDER

17
18
19
20
21
22
23
24
25
26

     The Parties agree to amend the previous stipulated protective order to include additional categories of document. Amendments are in bold and contained in section 2, below.

1.   PURPOSES AND LIMITATIONS

     Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

1 | confidential treatment under the applicable legal principles, and it does not presumptively entitle
2 | parties to file confidential information under seal.

3 | 2.   "CONFIDENTIAL" MATERIAL

4 |        "Confidential" material shall include the following documents and tangible things
5 | produced or otherwise exchanged: [The parties must include a list of specific documents such as
6 | "company's customer list" or "plaintiff's medical records;" do not list broad categories of
7 | documents such as "sensitive business material"].

8 |                Claims manuals or similar documents by any other name, as they are proprietary
9 |                business trade secrets; Training materials, as they are proprietary business trade
10 |               secrets; Employee compensation plan information, as it is proprietary business
11 |               trade secrets and its production potentially invades the privacy of third parties;
12 |               Employee personnel file documents to the extent they are held to be relevant and
13 |               discoverable by this Court, as the production of any such documents would
14 |               invade the privacy of third parties to this action.

15 |               Plaintiff's private Facebook Messenger conversations, as they contain sensitive
16 |               personal information about non-parties to this litigation, including minors, as well
17 |               as HIPAA protected patient information, and sensitive personal information of
18 |               3rd parties.

19 |               **Information related to Standard Insurance Company's relationship with**
20 |               **MES or other third party vendors or independent medical providers, as**
21 |               **those relationships constitute proprietary business trade secrets; Information**
22 |               **related to Standard Insurance Company's aggregated claim numbers and**
23 |               **statistics related to those claims to the extent they are held to be relevant and**
24 |               **discoverable by this Court, as such information constitutes proprietary**
25 |               **business trade secrets; Information related to Standard Insurance**

26 |

1     **Company's electronic and paper record keeping practices, as they constitute**
2     **proprietary business trade secrets.**

3    3.    SCOPE

4         The protections conferred by this agreement cover not only confidential material (as
5    defined above), but also (1) any information copied or extracted from confidential material; (2)
6    all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,
7    conversations, or presentations by parties or their counsel that might reveal confidential material.

8         However, the protections conferred by this agreement do not cover information that is in
9    the public domain or becomes part of the public domain through trial or otherwise.

10   4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

11        4.1    Basic Principles. A receiving party may use confidential material that is disclosed
12   or produced by another party or by a non-party in connection with this case only for prosecuting,
13   defending, or attempting to settle this litigation. Confidential material may be disclosed only to
14   the categories of persons and under the conditions described in this agreement. Confidential
15   material must be stored and maintained by a receiving party at a location and in a secure manner
16   that ensures that access is limited to the persons authorized under this agreement.

17        4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
18   ordered by the court or permitted in writing by the designating party, a receiving party may
19   disclose any confidential material only to:

20             (a)    the receiving party's counsel of record in this action, as well as employees
21   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

22             (b)    the officers, directors, and employees (including in house counsel) of the
23   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties
24   agree that a particular document or material produced is for Attorney's Eyes Only and is so
25   designated;

26

4841-1388-5020.2

1             (c)     experts and consultants to whom disclosure is reasonably necessary for
2 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
3 A);

4             (d)     the court, court personnel, and court reporters and their staff;

5             (e)     copy or imaging services retained by counsel to assist in the duplication of
6 confidential material, provided that counsel for the party retaining the copy or imaging service
7 instructs the service not to disclose any confidential material to third parties and to immediately
8 return all originals and copies of any confidential material;

9             (f)     during their depositions, witnesses in the action to whom disclosure is
10 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
11 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
12 transcribed deposition testimony or exhibits to depositions that reveal confidential material must
13 be separately bound by the court reporter and may not be disclosed to anyone except as permitted
14 under this agreement;

15            (g)     the author or recipient of a document containing the information or a
16 custodian or other person who otherwise possessed or knew the information.

17            (h)     any mediator retained by the parties in this matter.

18     4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or
19 referencing such material in court filings, the filing party shall confer with the designating party
20 to determine whether the designating party will remove the confidential designation, whether the
21 document can be redacted, or whether a motion to seal or stipulation and proposed order is
22 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the
23 standards that will be applied when a party seeks permission from the court to file material under
24 seal.

25

26

1  5.    DESIGNATING PROTECTED MATERIAL

2          5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party
3  or non-party that designates information or items for protection under this agreement must take
4  care to limit any such designation to specific material that qualifies under the appropriate
5  standards. The designating party must designate for protection only those parts of material,
6  documents, items, or oral or written communications that qualify, so that other portions of the
7  material, documents, items, or communications for which protection is not warranted are not
8  swept unjustifiably within the ambit of this agreement.

9          Mass, indiscriminate, or routinized designations are prohibited. Designations that are
10  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
11  unnecessarily encumber or delay the case development process or to impose unnecessary
12  expenses and burdens on other parties) expose the designating party to sanctions.

13         If it comes to a designating party's attention that information or items that it designated
14  for protection do not qualify for protection, the designating party must promptly notify all other
15  parties that it is withdrawing the mistaken designation.

16         5.2    Manner and Timing of Designations. Except as otherwise provided in this
17  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
18  ordered, disclosure or discovery material that qualifies for protection under this agreement must
19  be clearly so designated before or when the material is disclosed or produced.

20               (a)    Information in documentary form: (*e.g.*, paper or electronic documents
21  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial
22  proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that
23  contains confidential material. If only a portion or portions of the material on a page qualifies for
24  protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by
25  making appropriate markings in the margins).

26

4841-1388-5020.2

1        (b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties
2  and any participating non-parties must identify on the record, during the deposition or other
3  pretrial proceeding, all protected testimony, without prejudice to their right to so designate other
4  testimony after reviewing the transcript. Any party or non-party may, within fifteen days after
5  receiving the transcript of the deposition or other pretrial proceeding, designate portions of the
6  transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect
7  confidential information at trial, the issue should be addressed during the pre-trial conference.

8        (c)     <u>Other tangible items</u>: the producing party must affix in a prominent place
9  on the exterior of the container or containers in which the information or item is stored the word
10  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
11  the producing party, to the extent practicable, shall identify the protected portion(s).

12     5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
13  designate qualified information or items does not, standing alone, waive the designating party's
14  right to secure protection under this agreement for such material. Upon timely correction of a
15  designation, the receiving party must make reasonable efforts to ensure that the material is
16  treated in accordance with the provisions of this agreement.

17  6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

18     6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of
19  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality
20  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic
21  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to
22  challenge a confidentiality designation by electing not to mount a challenge promptly after the
23  original designation is disclosed.

24     6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute
25  regarding confidential designations without court involvement. Any motion regarding
26  confidential designations or for a protective order must include a certification, in the motion or in

1    a declaration or affidavit, that the movant has engaged in a good faith meet and confer
2    conference with other affected parties in an effort to resolve the dispute without court action. The
3    certification must list the date, manner, and participants to the conference. A good faith effort to
4    confer requires a face-to-face meeting or a telephone conference.

5        6.3    Judicial Intervention. If the parties cannot resolve a challenge without court
6    intervention, the designating party may file and serve a motion to retain confidentiality under
7    Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of
8    persuasion in any such motion shall be on the designating party. Frivolous challenges, and those
9    made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on
10    other parties) may expose the challenging party to sanctions. All parties shall continue to
11    maintain the material in question as confidential until the court rules on the challenge.

12    7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
13    LITIGATION

14       If a party is served with a subpoena or a court order issued in other litigation that compels
15    disclosure of any information or items designated in this action as "CONFIDENTIAL," that
16    party must:

17        (a)    promptly notify the designating party in writing and include a copy of the
18    subpoena or court order;

19        (b)    promptly notify in writing the party who caused the subpoena or order to
20    issue in the other litigation that some or all of the material covered by the subpoena or order is
21    subject to this agreement. Such notification shall include a copy of this agreement; and

22        (c)    cooperate with respect to all reasonable procedures sought to be pursued
23    by the designating party whose confidential material may be affected.

24    8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25       If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
26    material to any person or in any circumstance not authorized under this agreement, the receiving

4841-1388-5020.2

1    party must immediately (a) notify in writing the designating party of the unauthorized

2    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

3    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

4    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

5    Agreement to Be Bound" that is attached hereto as Exhibit A.

6

7    9.     NON TERMINATION AND RETURN OF DOCUMENTS

8         Within 60 days after the termination of this action, including all appeals, each receiving

9    party must return all confidential material to the producing party, including all copies, extracts

10   and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

11   destruction.

12        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

13   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

14   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

15   work product, even if such materials contain confidential material.

16        The confidentiality obligations imposed by this agreement shall remain in effect until a

17   designating party agrees otherwise in writing or a court orders otherwise.

18

19

20                  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

21   DATED: February 12, 2018           /s/     *David P. Roosa*

                                               David P. Roosa

22

                                               Attorneys for Plaintiff

23

24   DATED: February 12, 2018           /s/     *Stacy M. Tucker*

                                               Stacy M. Tucker

25

                                               Attorneys for Defendant

26

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2

3    DATED:  Feb. 21, 2018

4

5                                                        Hon. Robert S. Lasnik,
                                                         United States District Court Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4841-1388-5020.2

1                                           <u>EXHIBIT A</u>

2                <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3       I, _____ [print or type full name], of

4 _____ [print or type full address], declare under penalty of

5 perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6 issued by the United States District Court for the Western District of Washington on [date] in the

7 case of _____ **[insert formal name of the case and the number and initials**

8 **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

9 Stipulated Protective Order and I understand and acknowledge that failure to so comply could

10 expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

11 not disclose in any manner any information or item that is subject to this Stipulated Protective

12 Order to any person or entity except in strict compliance with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the United States District Court for the

14 Western District of Washington for the purpose of enforcing the terms of this Stipulated

15 Protective Order, even if such enforcement proceedings occur after termination of this action.

16 Date: _____

17 City and State where sworn and signed: _____

18 Printed name: _____

19 Signature: _____

20

21

22

23

24

25

26